UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DONALD CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-115 |
| | § | |
| OFFICER SAMUELS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Donald Clark (TDCJ #617246), a state inmate, filed a complaint under 42 U.S.C. §1983, complaining of property deprivation.  He proceeds *pro se* and *in forma pauperis*.   After reviewing the complaint as required by 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for the reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the case if satisfied that it is frivolous,  malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915A(b)(1).   A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007).  The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to rise above the level of speculation.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   While *pro se* complaints are held to less stringent standards than those drafted by

lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, plaintiff alleges that his property was lost while he was in the hospital in Galveston, Texas, and hospital officials do not dispute this. When he returned to his prison unit, Plaintiff filed Step One and Step Two grievances complaining about his lost property; the grievances are attached to the complaint. The response to Step One states: "You have a legitimate property claim. It was determined that your property was lost while at hospital Galveston. The property officer from this unit offered you a property settlement on 11/14/13 and you declined this offer. No further action is warranted at this time."

"Deprivations of property caused by the misconduct of state officials do not infringe constitutional due process provided adequate state post-deprivation remedies exist." *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 539 (1984). In cases involving the unauthorized deprivation of a TDCJ inmate's property, constitutional due process is satisfied because the state law tort of conversion in Texas provides inmates a sufficient post-deprivation remedy. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009); *Aquilar v. Chastain*, 923 S.W. 2d 740, 743-44 (Tex. Crim. App. 1996); *see also* Tex. Gov't Code §§ 510.007, 501.008. Therefore, claims for wrongful deprivation of property are not actionable under 42 U.S.C. § 1983. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). The burden is on the complainant to show that the state's post-deprivation remedy is not adequate. *Hudson*, at 539. Because Clark alleges no facts to suggest that his post-deprivation remedy is inadequate,

his claim does not belong in federal court and any remedy he may seek must come from the state court.  Therefore, Clark's claim must be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief can be granted.

All pending motions are **DENIED** as moot.

**The Clerk is directed to provide a copy of this order to the plaintiff.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

It is so **ORDERED.**

SIGNED on this 20th day of August, 2014.

Kenneth M. Hoyt
United States District Judge